IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LEROY AURTHUR HASKINS, #267768 | * | |
| Petitioner | * | |
| | * | |
| v. | * | Civil Action No. JFM-06-2831 |
| | * | |
| JAMES S. SMITH, et al., | * | |
| Respondents | * | |

oOo
## **MEMORANDUM**

Pending is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, pro se, Leroy Aurthur Haskins, a state prisoner confined at the Jessup Correctional Institution. By his petition, he challenges his conviction in the Circuit Court for Baltimore City for revocation of his probation, the sentencing for which occurred on January 25, 2006. Respondents, James Smith, Warden of the Jessup Correctional Institution and Douglas F. Gansler, Attorney General of the State of Maryland, by their counsel have moved to dismiss the petition for failure to exhaust available remedies.

Upon review of the pleadings, the court finds no need for an evidentiary hearing. *See* 28 U.S.C. Section 2254(e)(2)*;* Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts. The petition will be dismissed without prejudice for failure to exhaust available state court remedies.

## I.  Procedural Background

On September 2, 1997, Haskins pleaded guilty to attempted murder and a handgun offense for which he was sentenced to thirteen years imprisonment, eight years suspended, and three years probation. Exhibit No. 1  Haskins neither filed for leave to appeal the entry of the guilty plea nor did he file for post-conviction relief.  *See id.*

On November 30, 2005, Haskins was found guilty of violating his probation. *See id.* He was sentenced on January 25, 2006. *See id.* Haskins did not file for leave to appeal the court's ruling on his probation, nor has he sought post-conviction relief in regard to the revocation of his probation.

**II. Exhaustion**

Generally, a state prisoner must exhaust remedies available in state court before seeking federal habeas corpus relief. *See* 28 U.S.C. § 2254 (b) and (c); *Picard v. Conner*, 404, U.S. 270, 275 (1971). This court cannot grant habeas relief unless a petitioner has exhausted the remedies available to him in the state courts of Maryland. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). To exhaust a claim on direct appeal in non-capital cases, it must be raised in an appeal, if one is permitted, to the Maryland Court of Special Appeals and then to the Maryland Court of Appeals by way of a petition for writ of certiorari. *See* Md. Code Ann., Cts. and Jud. Proc. Art., §§12-201, 12-202, 12-203, 12-301, 12-302, 12-307, and 12-308 (1998 Repl. Vol.). A petitioner may also collaterally challenge his convictions pursuant to the Maryland Uniform Post Conviction Procedure Act. *See* Md. Code Ann., Crim Pro. Art., §§ 7-101 et seq. (2001).

Here, petitioner has yet to exhaust available avenues for appellate or post-conviction redress. Accordingly, a separate Order will be entered dismissing the petition without prejudice to allow the petitioner to exhaust his state court remedies. Petitioner is cautioned that there is a one-year filing deadline for state prisoners filing applications for a writ of habeas corpus in federal court. *See* 28 U.S.C. § 2244(d).[1] Should he seek to refile this petition after he has exhausted his available state

---

[1] This section provides:

    (1)    A 1-year period of limitation shall apply to an application

court remedies, he must take care not to miss this deadline. A separate order follows.

January 12, 2007  /s/
Date  Catherine C. Blake for
 J. Frederick Motz
 United States District Judge

---

for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States ir removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented court have been discovered through the exercise of due diligence.
>
> (2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.